JEREMY D. WARREN
California State Bar Number 177900
105 West F Street, Fourth Floor
San Diego, California 92101
Tel: (619) 234-4433
Email: jw@jwarrenlaw.com

Attorney for Ms. Martin

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**ROBIN MARTIN,**<br><br>Defendant. | ) | Case No. 08cr2271-L<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

**I.**

**Introduction and Statement of Facts**

According to the reports provided by the government, on June 6, 2008, defendant Robin Martin walked into the pedestrian port of entry from Mexico at San Ysidro, and presented a United States passport under the name of Stephanie Davich. The primary inspector scanned the passport and an alert came up indicating that the passport may have been fraudulent.

Ms. Martin[1] was detained and interrogated. She maintained that she was Stephanie Davich. Because records indicated that the Stephanie Davich identity was actually that of a child who had died in infancy forty years earlier, Ms. Martin was arrested on and later charged with false use of a passport, 18 U.S.C. § 1544.

The government provided initial discovery and Ms. Davich agreed to waive indictment on the charge. An information was filed in 08cr2222-L. The government subsequently decided to seek an

[1] The defendant intends to make no admission as to her identity, and uses the name "Martin" in this and future filings based on the allegation in the indictment. Further, the statement of facts is drawn from discovery and Ms. Martin's recitation of such facts likewise is not intended as any admission.

additional charge, and took the case to the grand jury. The grand jury returned a two count indictment recharging the misuse of a passport charge as well as an additional charge of aggravated identity theft, 18 U.S.C. § 1028A. The government indicates it intends to produce further discovery in the near future. Ms. Martin remains in custody.

**II.**

**Motion to Compel Discovery/Preserve Evidence**

This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989), and discovery of which the government attorney may become aware through the exercise of due diligence:

(1) The Defendants Statements. Ms. Martin requests disclosure of all copies of any written or recorded statement made by her; any written record containing the substance of any oral statements made by the her and any written summaries of the her oral statements contained in the handwritten or rough notes of the government agent; any response to any Miranda warnings which may have been given by her ; any response to interrogation; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A).

(2) Arrest Reports, Notes and Dispatch Tapes. Ms. Martin also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding her arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); Brady v. Maryland, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(I).

(3) Criminal Record Evidence of criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of other “similar” acts is discoverable under Fed. R. Crim. P. 16(a)(1)(B) and Fed. R. Evid. 404(b) and 609; Ms. Martin requests all rap sheets and any other evidence discoverable under these rules. Ms. Martin requests all evidence, documents, records of judgments and convictions, photographs and

tangible evidence, and information pertaining to any arrests and convictions or bad acts she has suffered or known of by the government. She makes an identical request for all pertinent records of all government witnesses including informants.

(4) Evidence Seized. Ms. Martin requests production of evidence seized as a result of any search, either with or without a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(5) Tangible Objects. Ms. Martin requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(C).

(6) Request for Preservation of Evidence. Ms. Martin specifically requests the preservation of all dispatch recordings, inter-officer radio communication recordings, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to vehicles, the results of any fingerprint analysis, Ms. Martin's personal effects, and any evidence seized from the defendant or any other party.

(7) Reports Of Examinations And Tests. Ms. Martin requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case-in-chief. Fed. R. Crim. P. 16(a)(1)(D).

(8) Expert Witnesses. Ms. Martin requests the name, qualifications, and a written summary of the opinion/testimony and bases thereon of any person that the government intends to call as an expert witness. Fed. R. Crim. P. 16(a)(1)(E).

(9) Brady Material. Ms. Martin requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(10) Giglio Information. Ms. Martin requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. Giglio v. United States, 405 U.S. 150 (1972).

(11) Informants and Cooperating Witnesses. Ms. Martin requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. Id. Ms. Martin also requests that the government disgorge any information in its possession regarding other parties culpable in this matter as these individuals are highly relevant and material to Ms. Martin's defense.

(12) Jencks Act Material. Ms. Martin requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(13) Any Potential 404(b)/609 Evidence. Ms. Martin requests prior notice of any other crimes or bad acts that the government intends to introduce, whether in its case in chief, for impeachment or rebuttal. Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b). Ms. Martin requests such notice at least one month before trial in order to give the defense time to investigate and prepare for trial.

(14) Any Information That May Result In A Lower Sentence Under The Guidelines As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83(1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could

affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines. Additionally, Ms. Martin specifically requests any evidence the government intends to use at sentencing to establish his status as a career offender or for any other enhancement to his sentence;

(15) Evidence of Bias or Motive to Lie Ms. Martin requests any evidence that any prospective government witness, including a cooperating defendant, is biased or prejudiced against the defendant, or has a motive to falsify or distort her or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);

(16) Impeachment evidence Ms. Martin requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, supra. See United States v. Strifler, 851 F.2d 1197(9th Cir. 1988)(witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

(17) Evidence of Criminal Investigation of Any Government Witness Ms. Martin requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985);

(18) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling Ms. Martin requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(19) Witness Addresses Ms. Martin requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective assistance); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal

right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984);

(20) Name of Witnesses Favorable to the Defendant Ms. Martin requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of her identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(21) Statements Relevant to the Defense Ms. Martin requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(22) Personnel Records of Government Officers Involved in the Arrest Ms. Martin requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of such Henthorn documents, defense counsel will not be able to procure then from any other source;

(23) Prosecutor's Duty to Inspect Agent's Files Ms. Martin requests that the court order the prosecutor to personally review the personnel files of the agents involved.

(24) Release of Evidence for Defense Testing. Ms. Martin requests that the government release to his designated expert all items seized so that the defense may conduct independent testing of the items.

(25) Subpoena, Intercept and Warrant Information and Evidence. Ms. Martin requests a copy of all electronic interception orders, search warrants and subpoenas (whether state or federal, whether written or telephonic, and including recordings or transcripts of telephonic applications), and related applications for electronic interception, subpoenas and warrants, their affidavits, attachments, and inventories related to this case. She also requests copies of all documents provided to or seized by the government pursuant to such court-authorized orders. She requests copies of all recordings made by the government made pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

(26) Residual Discovery/All Other Relevant Materials Ms. Martin intends for this motion to cover the full extent of discoverable material. She therefore requests that the government be required to disgorge all other discoverable material which she otherwise has failed to request.

**III.**

**Ms. Martin Seeks Leave to File Further Motions**

The parties hope to resolve the case without further litigation. Further, the government has informed the defense that it will be providing additional discovery shortly. Should negotiations break down, or should counsel believe substantive motions are appropriate based on a complete review of the discovery, Ms. Martin requests an opportunity to file further, substantive motions.

**IV.**

**Conclusion**

For the reasons stated above, the defendant, Ms. Martin, respectfully requests that this Court grant the above-requested motions.

Respectfully submitted,

/s Jeremy D. Warren

Dated: August 4, 2008

JEREMY D. WARREN
Attorney for Defendant Martin

**PROOF OF SERVICE**

I declare that:

I am a citizen of the United States and employed in the city of San Diego, CA. I am over eighteen years of age. My business address is 105 West F Street, Fourth Floor San Diego, CA 92101.

On August 4, 2008, I personally served the following documents:

**Notice of Motion and Motion for Discovery**

on the below attorneys by electronic filing:

Assistant United States Attorney Caleb Mason

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August 4, 2008 at San Diego, CA.

/s Jeremy Warren

______________________________
Jeremy D. Warren